******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NORCOTT, J., concurring in part and concurring in the judgment. I join part I of the majority's opinion fully. I agree with the result reached by the majority in part II of that opinion, insofar as the majority concludes that the procedural protection advocated for by the respondent mother—namely, that the due process clause of the fourteenth amendment to the United States constitution requires a trial court to canvass personally a parent about his or her decision not to contest the exhibits presented to the court by the petitioner, the Commissioner of Children and Families, in a parental rights termination proceeding—is not clearly established law. Therefore, the respondent's claim must fail because she cannot satisfy the requirements for review of an unpreserved claim on appeal pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). I write separately, however, to express my belief that the procedural protection for which the respondent advocates is a sensible one that is worthy of further consideration in another appellate forum.

Neither the United States Supreme Court, nor our Supreme Court, have had occasion to announce the rule advocated for by the respondent. Our Supreme Court has recognized that "[t]he right to the integrity of the family is among the most fundamental rights guaranteed by the fourteenth amendment"; *State* v. *Anonymous*, 179 Conn. 155, 162, 425 A.2d 939 (1979); and that "parents' interest in the care, custody and control of their children, [is] perhaps the oldest of the fundamental liberty interests recognized by [the United States Supreme] Court." (Internal quotation marks omitted.) *Roth* v. *Weston*, 259 Conn. 202, 216, 789 A.2d 431 (2002).

Given the paramount right at stake—familial integrity and a parent's right to retain custody of his or her child—compared to the very minimal burden placed on the court by requiring it to canvass personally a parent who does not contest the petitioner's exhibits in a parental rights termination proceeding, I conclude that due process necessitates the rule for which the respondent advocates. Nonetheless, I respectfully concur with this court's judgment because the rule advocated for by the respondent is not clearly established law, and therefore, she is unable to satisfy the requirements of *State* v. *Golding*, supra, 213 Conn. 233.